BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JAN 16 1973

IN RE PROFESSIONAL HOCKEY )
ANTITRUST LITIGATION )           DOCKET NO. 119

BEFORE ALFRED P. MURRAH*, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF
THE PANEL

PER CURIAM

Prior to the formation of the World Hockey Association (WHA) in 1971, the National Hockey League (NHL) was the only major league professional hockey association in North America. Member teams in the WHA successfully induced many players under contract to NHL teams to disregard the so-called "reserve clause" in their 1971-72 Standard Player's Contracts and to sign contracts with WHA teams for the 1972-73 hockey season. As a result, lawsuits were filed by affected NHL clubs to prevent the defendant players from playing for or rendering services to any club except the NHL teams which held their contracts. Additional actions were brought by the WHA and its member clubs against the NHL and its member clubs alleging violations of the federal antitrust laws.

One of the parties involved in the litigation moved the Panel for an order transferring eight actions to a single district

---

\*       Although Judge Alfred P. Murrah was unable to attend the hearing, he has, with the consent of all parties, participated in this decision.

for pretrial proceedings. All parties, except plaintiff Nassau Sports, have urged that the actions be consolidated for pretrial proceedings in the Eastern District of Pennsylvania. We find that, for the convenience of parties and witnesses and the just and efficient conduct of the litigation, the actions on the attached Schedule A pending in the Districts of Massachusetts and Minnesota must be transferred, pursuant to 28 U.S.C. §1407, to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions pending in that district. We also find that, on principles of comity, transfer of the actions brought by plaintiff Nassau Sports in the Eastern District of New York is inappropriate at this time.

The basic issue in all of these actions, including the ones by plaintiff Nassau Sports pending in the Eastern District of New York, is whether the NHL and its member teams have violated the federal antitrust laws through the "reserve clause" in their contracts, affiliation agreements and market power dominance. The parties have conceded, and we find, that common questions of fact exist and that common document discovery and depositions will be pursued in this litigation. The parties also agree, and we find, that the Eastern District of Pennsylvania is the most appropriate transferee district for this litigation. The majority of the discovery to date has taken place in the

actions pending in that district and Judge A. Leon Higginbotham, Jr. of that district has already ruled on motions for preliminary injunctions and is completely familiar with the issues raised in these actions.[1]

Plaintiff Nassau Sports brought two actions in the Eastern District of New York seeking to enjoin the defendant players from playing for any professional hockey team other than Nassau.[2] The plaintiff's motions for a preliminary injunction have been briefed, argued and reargued in that court and are now sub judice.[3]

---

[1] On November 8, 1972, Judge Higginbotham issued a 124 page opinion and order preliminarily enjoining "the National Hockey League, its member clubs and teams, and those actions on its behalf, . . . from further prosecuting, commencing, or threatening to commence any legal proceeding pursuant to and/or to enforce the so-called 'reserve clause' (presently Paragraph 17) of the National Hockey League Standard Player's Contract, against any player, coach or other person whose contract, but for the reserve clause, expired on or before November 8, 1972." In addition to detailed findings of fact, Judge Higginbotham discussed at length the issues raised and the applicable law. Philadelphia World Hockey Club, Inc. v. Philadelphia Hockey Club, Inc., ___ F. Supp. ___ (E.D. Pa. 1972)

[2] Nassau Sports, etc. v. Garry Peters, et al., E.D.N.Y., Civil Action No. 72 Civ. 1086 and Nassau Sports, etc. v. Norman Ferguson, et al., E.D.N.Y., Civil Action No. 72 Civ. 1132

[3] On procedural grounds, Judge Higginbotham specifically reserved ruling on whether his opinion and order of November 8, 1972, was applicable to Nassau Sports. Philadelphia World Hockey Club, Inc. v. Philadelphia Hockey Club, Inc., supra, note 57 at ___ (E.D. Pa. 1972).

- 4 -

We have consistently adhered to well-founded principles of comity in deciding motions for transfer under Section 1407:

> The Panel is keenly aware of the problems of the District Courts and Courts of Appeals in which is pending multidistrict litigation subject to transfer under Section 1407. There is no disposition on the part of the Panel to act hastily or without a considerate and well deserved respect for these courts, on principles of comity.
>
> . . .
>
> On principles of comity, where appropriate, the Panel has in the past timed its actions and constructed its orders in a manner which will permit the transferor courts . . . to reach timely decisions on particular issues without abrupt, disconcerting, untimely or inappropriate orders of transfer by the Panel. This policy of comity has been followed in the past and will be followed in the future by the Panel. 4/

Inasmuch as plaintiff's motions for a preliminary injunction are sub judice, transfer of the two Nassau Sports actions pending in the Eastern District of New York is inappropriate at this time. 5/ Transfer is denied, however, without prejudice to reconsideration by the Panel, either on its own initiative or on motion of one of the parties, at a later time.

IT IS THEREFORE ORDERED that all actions on the attached Schedule A pending in the District of Massachusetts and the District of Minnesota be, and the same hereby are, transferred to the Eastern District of Pennsylvania and assigned to the Honorable A. Leon Higginbotham, Jr. for coordinated or

---

4/ In re Plumbing Fixtures Cases, 298 F. Supp. 484, 496 (J.P.M.L. 1968).

5/ Subsequent to the Panel hearing concerning this litigation the Panel was advised that a "Memorandum Decision and Order" was entered in Nassau Sports, etc. v. Garry Peters, et al., E.D.N.Y. Civil Action No. 72 Civ. 1086, regarding plaintiff's motion for a preliminary injunction.

- 5 -

consolidated pretrial proceedings, pursuant to 28 U.S.C. §1407, with the actions pending in that district.

IT IS FURTHER ORDERED that transfer of Nassau Sports, etc. v. Garry Peters, et al., E.D.N.Y., Civil Action No. 72 Civ. 1086 and Nassau Sports, etc. v. Norman Ferguson, et al., E.D.N.Y., Civil Action No. 72 Civ. 1132 be, and the same hereby is, DENIED without prejudice to later reconsideration by the Panel upon its own initiative or motion of one of the parties.

SCHEDULE A                                              DOCKET NO. 119

### DISTRICT OF MASSACHUSETTS

Boston Professional Hockey Assn., Inc. v.        Civil Action
Derek Sanderson                                  No. 72-2490-C

Boston Professional Hockey Assn., Inc. v.        Civil Action
Gerry Cheevers                                   No. 72-2484-C

### DISTRICT OF MINNESOTA

Nassau Sports v. Edward Hampson, et al.          Civil Action
                                                 No. 4-72 Civ. 466

### EASTERN DISTRICT OF PENNSYLVANIA

Philadelphia World Hockey Club, Inc. v.          Civil Action
Philadelphia Hockey Club, Inc.                   No. 72-1661

World Hockey Assn., et al. v. National           Civil Action
Hockey League, et al.                            No. 72-1995

Sports Centrepoint Enterprises Ltd., et al.      Civil Action
v. National Hockey League                        No. 72-1906



BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JAN -4 1974

IN RE PROFESSIONAL HOCKEY )
ANTITRUST LITIGATION )
)
California Sports, Inc. v. Serge Bernier, )
et al., C.D. Cal., Civil Action No. ) DOCKET NO. 119
C-73-2127-ALS )
World Hockey Association, et al. v. Nassau )
Sports, et al., E.D.N.Y., Civil Action )
No. 73C1370 )

### OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III*, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

This litigation arises out of the competition for players between the two major league professional hockey associations: the newly formed World Hockey Association (WHA) and the established National Hockey League (NHL). The basic issue involved in all actions is whether the NHL and its member teams have violated the federal antitrust laws through the "reserve clause" in their contracts, affiliation agreements and market power dominance. We previously transferred these actions to the Eastern District of Pennsylvania for coordinated or consolidated pretrial proceedings. In re Professional Hockey Antitrust Litigation, 352 F. Supp. 1405 (J.P.M.L. 1973) and ___ F. Supp. ___ (J.P.M.L., filed January 3, 1974).

---

* Although Judge Lord was not present at the hearing, he has, with the consent of all parties, participated in this decision.

- 2 -

The above-captioned actions appeared to involve the same basic issue and the Panel ordered the parties to show cause why the actions should not also be transferred to the Eastern District of Pennsylvania. Prior to the Panel hearing, the California Sports action was transferred to that district under 28 U.S.C. §1404(a). Inasmuch as transfer under Section 1404(a) is for all purposes, the question of transfer of this action under Section 1407 is now moot. Defendants in the WHA action, however, oppose transfer. We find that the WHA action raises questions of fact common to the previously transferred actions and that for the convenience of the parties and witnesses and the just and efficient conduct of the litigation, this action must be transferred to the Eastern District of Pennsylvania pursuant to Section 1407.

Defendants argue that the issues in the WHA action are distinguishable from those in the other actions in the litigation because Nassau Sports has only been a member of the NHL since October 1972. They also contend that they have not participated in any of the discovery in the transferee district and that they would be highly prejudiced by transfer so late in the pretrial proceedings.

Defendants' arguments are not persuasive. First, our decision is necessarily influenced by the facts as pleaded. On its face, the complaint in the WHA action contains allegations substantially identical to those asserted by the WHA in the actions presently pending in the transferee district. Clearly,

unless this action is transferred the vast majority of the document and depositional discovery pursued will duplicate that already undertaken or contemplated in the transferee court. Secondly, we do not perceive how transfer at this time will prejudice defendants. Discovery in this action has not yet commenced. And even assuming that discovery in the coordinated or consolidated proceedings is far advanced, appropriate orders may be entered by the transferee court making that discovery available to these parties and preventing unnecessary duplication and inconvenience. See Manual for Complex Litigation, Part I, §3.11 (1973). Furthermore, we recently transferred three actions to the transferee district which involve defendant Nassau Sports and raise the same antitrust issues as those in the WHA action. ___ F. Supp. ___ (J.P.M.L., filed January 3, 1974).

IT IS THEREFORE ORDERED that the action entitled World Hockey Association, et al. v. Nassau Sports, et al., E.D.N.Y., Civil Action No. 73C1370 be, and the same hereby is, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable A. Leon Higginbotham, Jr. for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation.

IT IS FURTHER ORDERED that transfer of California Sports, Inc. v. Serge Bernier, et al., C.D. Cal., Civil Action No. C-73-2127-ALS, under 28 U.S.C. §1407 be, and the same hereby is, DENIED because the question is moot.

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE PROFESSIONAL HOCKEY
ANTITRUST LITIGATION

Nassau Sports v. Garry Peters, et al.,
E.D.N.Y., Civil Action No. 72 Civ. 1086         ) DOCKET NO. 119
Nassau Sports v. Norman Ferguson, et al.,
E.D.N.Y., Civil Action No. 72 Civ. 1132
Nassau Sports v. Houston Hockey Club, et al.,
S.D. Texas, Civil Action No. 72-H-1356

OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL, JUDGES OF THE PANEL

PER CURIAM

The Panel previously transferred several actions involving the World Hockey Association (WHA) and the National Hockey League (NHL) to the Eastern District of Pennsylvania and, with the consent of that court, assigned them to the Honorable A. Leon Higginbotham, Jr. for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. In re Professional Hockey Antitrust Litigation, 352 F. Supp. 1405 (J.P.M.L. 1973). We are now urged to similarly transfer the above-captioned actions. Nassau Sports, plaintiff in each of the actions, opposes transfer. We find that all three actions raise questions of fact common to the actions previously transferred to the Eastern District of Pennsylvania and that their transfer for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and

- 2 -

witnesses and promote the just and efficient conduct of the litigation.

## I. Transfer of the Peters and Ferguson Actions

In our previous opinion and order in this litigation, we found that:

> The basic issue in all of these actions, including the ones by plaintiff Nassau Sports pending in the Eastern District of New York (the Peters and Ferguson actions), is whether the NHL and its member teams have violated the federal antitrust laws through the "reserve clause" in their contracts, affiliation agreements and market power dominance. The parties have conceded, and we find, that common questions of fact exist and that common document discovery and depositions will be pursued in this litigation. 352 F. Supp at 1406.

Notwithstanding these findings, the Panel initially denied transfer of the Peters and Ferguson actions, without prejudice to reconsideration, solely on the ground that plaintiff's motions for preliminary injunctions were sub judice. 352 F. Supp. at 1407. Decisions were rendered on the preliminary injunction motions and, as a result, the question of transferring both actions to the Eastern District of Pennsylvania under Section 1407 came before the Panel again. We were then advised, however, that a notice of appeal had been filed in the Court of Appeals for the Second Circuit with respect to the Peters action and we necessarily deferred our decision. Cf. In re National Student Marketing Litigation, 358 F. Supp. 1303 (J.P.M.L. 1973). That appeal has been dismissed by the parties and therefore the Peters and Ferguson actions are now ripe for transfer.

Our review of the file record in the Peters and Ferguson actions in the Eastern District of New York reveals that little discovery has been undertaken. And although discovery is well advanced in the previously transferred actions, the parties will not be prejudiced by transfer at this time because the transferee court may enter appropriate orders to protect their interests and still prevent duplication of discovery. See Manual for Complex Litigation, Part I, §3.11 (1973).

## II. Transfer of the Houston Action

The Houston action was originally filed in Texas state court and later removed to the United States District Court for the Southern District of Texas. Shortly thereafter, plaintiff filed a motion to remand the action to state court. Defendants now move the Panel for transfer of the action to the Eastern District of Pennsylvania. Plaintiff opposes transfer on the ground that the remand motion should be decided by the Texas federal court.

We find that the Houston action involves questions of fact virtually identical to those raised in the actions previously transferred by the Panel and that the criteria for transfer of this action under Section 1407 are clearly satisfied. Inasmuch as the transferee judge has the power to rule on the question of remand, we perceive no reason to delay transfer. See In re Florida Everglades Air Disaster Litigation, ___ F. Supp. ___ (J.P.M.L., filed December 14, 1973).

- 4 -

IT IS THEREFORE ORDERED that the actions entitled Nassau Sports v. Garry Peters, et al., E.D.N.Y., Civil Action No. 72 Civ. 1086; Nassau Sports v. Norman Ferguson, et al., E.D.N.Y., Civil Action No. 72 Civ. 1132; and Nassau Sports v. Houston Hockey Club, et al., S.D. Texas, Civil Action No. 72-H-1356 be, and the same hereby are, transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable A. Leon Higginbotham, Jr. for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

EDWARD WEINFELD, Judge of the Panel (dissenting):--

I dissent insofar as the Nassau Sports v. Gary Peters, et al. (E.D.N.Y. 72 Civ. 1086) and Nassau Sports v. Norman Ferguson, et al. (E.D.N.Y. 72 Civ. 1132) actions are concerned. Upon the argument of this motion it appeared that discovery in these matters was well advanced in the original district of commencement of suit and counsel represented that the cases were ripe for trial there. In the circumstances, a transfer would not be "for the convenience of parties [nor] . . . promote the just and efficient conduct" of such action as required by 28 U.S.C., section 1407. I would leave these actions where they are.